UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REBECCA TROSTER, | ) </br> ) |
| Plaintiff, | ) </br> ) |
| v. | ) Civ. A. No.: 20-3584 (BAH) </br> ) |
| MERRICK GARLAND, in his capacity as Attorney General, Department of Justice | ) </br> ) </br> ) |
| Defendant. | ) </br> ) |

**DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, TO TRANSFER VENUE**

Defendant Merrick Garland, in his capacity as Attorney General, U.S. Department of Justice, by and through undersigned counsel, moves to dismiss pursuant to Rule 12(b)(3) or, in the alternative, to transfer venue under 28 U.S.C. §§ 1404 and 1406(a). The grounds for this motion are set forth more fully in the attached memorandum of points and authorities. A proposed order is attached hereto.

In the event that the Court transfers venue rather than dismisses, Defendant moves that his answer be due 21 days from docketing in the Eastern District of Virginia. In the event the Court denies the motion in its entirety, Defendant moves that his answer be due 21 days from the denial of the motion.

Dated: April 9, 2021

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By:    */s/ Sean M. Tepe*
SEAN M. TEPE, DC Bar #1001323
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 252-2533
Email: sean.tepe@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REBECCA TROSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No.: 20-3584 (BAH) |
| | ) |
| MERRICK GARLAND, in his capacity | ) |
| as Attorney General, Department of Justice | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

Defendant Merrick Garland, in his capacity as Attorney General, U.S. Department of Justice, by and through undersigned counsel, respectfully submits this memorandum of points and authorities in support of his motion to dismiss or, in the alternative, to transfer venue. Because it appears all the employment practices challenged in this action occurred in and around Quantico, Virginia, venue is improper in the District of Columbia, and therefore the case should be dismissed or, in the alternative, transferred to the Eastern District of Virginia pursuant to 28 U.S.C. §§ 1404 and 1406(a).[1]

## BACKGROUND

This action is brought by Plaintiff Rebecca Troster, a former employee of the Federal Bureau of Investigation ("FBI"). From September 2014 until March 2020, Plaintiff served as a Management and Program Analyst assigned to the FBI's National Academy Unit in the Training

---

[1] Pursuant to Local Civil Rule 7(m), on March 16, 2021, undersigned counsel asked Plaintiff's counsel if Plaintiff would consent to transfer to the Eastern District of Virginia. Counsel declined and stated that Plaintiff "will oppose" transfer.

Division located in Quantico, Virginia. Compl. (ECF No. 1) ¶ 11. According to the Complaint, her claims of employment discrimination arise from an after-work event with colleagues on December 15, 2017, at which Plaintiff was allegedly sexually harassed and assaulted by a former FBI Supervisory Special Agent. *Id.* ¶ 1. After Plaintiff reported this incident to supervisors at the FBI's Quantico location, the Complaint alleges a variety of actions by the FBI that Plaintiff characterizes as sex or disability discrimination or retaliation for engaging in protected activity. In particular, Plaintiff alleges being told to "move to another office" (*id.* ¶ 19); told "not to go to certain parts of Quantico" where her alleged assailant may be (*id.*); placed on a "temporary assignment" (*id.* ¶ 20); "told that her GS-13 promotion would need to be resubmitted" (*id.* ¶ 21); referred to an Employee Assistance Program counselor (*id.* ¶¶ 23-24); forced to work alongside "those who tried to protect" her alleged assailant (*id.* ¶ 30); subjected to "increased professional and personal scrutiny from [Training Division] management" (*id.* ¶ 35); and "constructively discharged" from the FBI (*id.* ¶ 38). Accordingly, Plaintiff asserts two claims under Title VII of the Civil Rights Act of 1964, one for sex discrimination and one for retaliation. *Id.* ¶¶ 42-48. Plaintiff also asserts a third claim for denial of reasonable accommodations under the Rehabilitation Act of 1973. *Id.* ¶¶ 49-51.

## LEGAL STANDARDS

"Under Federal Rule of Civil Procedure 12(b)(3), a defendant may, at the lawsuit's outset, 'test whether the plaintiff has brought the case in a venue that the law deems appropriate.'" *Black v. City of Newark*, 535 F. Supp. 2d 163, 166 (D.D.C. 2008) (quoting *Modaressi v. Vedadi*, 441 F. Supp. 2d 51, 53 (D.D.C. 2006)). The D.C. Circuit has cautioned that "[c]ourts in this circuit must examine challenges to . . . venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia." *Cameron v. Thornburgh*, 983 F.2d 253, 256

(D.C. Cir. 1993).  "[Rule] 12(b)(3) instructs the court to dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum."  *See Hamilton v. Paulson*, Civ. A. No. 07-1365, 2008 WL 4531781, at *2 (D.D.C. Oct. 10, 2008) (quoting *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008)).

"Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper."  *Black*, 535 F. Supp. 2d at 166 (quoting *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003) (additional citations omitted)).  In doing so, a plaintiff must demonstrate "proper venue with respect to each cause of action."  *Lamont v. Haig*, 590 F.2d 1124, 1135 (D.C. Cir. 1978).  The Court ordinarily "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor."  *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (quoting *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276-77 (D.D.C. 2002)).  The Court need not, however, accept the plaintiff's legal conclusions as true, *Darby*, 231 F. Supp. 2d at 277, and may consider material outside of the pleadings.  *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)).

**ARGUMENT**

**I.   The District of Columbia is Not The Proper Venue For Plaintiff's Title VII and Rehabilitation Act Claims**

Venue for Plaintiff's Title VII and Rehabilitation Act claims is improper in this District because the alleged unlawful employment practices were committed in the Eastern District of Virginia.  Furthermore, Plaintiff was employed in the Eastern District of Virginia at all relevant times, and the relevant employment records were administered from the Eastern District of Virginia.

6

In cases arising under Title VII and the Rehabilitation Act, venue must be determined according to a special venue provision, 42 U.S.C. § 2000e-(5)(f)(3).  *See Daniels v. Wilkie*, No. Civ A. No. 17-1543, 2018 WL 2324085, at *3 (D.D.C. May 22, 2018).  It provides, in relevant part, that actions may be brought in (1) "any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "the judicial district in which the employment records relevant to such practices are maintained and administered," or (3) "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice."  42 U.S.C. § 2000e-5(f)(3); *see also* 29 U.S.C. § 794a(a)(1) (Rehabilitation Act adopts "remedies, procedures, and rights" of Title VII).  As courts have frequently observed, "[t]his provision indicates that Congress intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination."  *James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 12 (D.D.C. 2009) (citing *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969)).  "If the plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements listed in 42 U.S.C. § 2000e–5(f)(3), venue is improper."  *Id*. (citing 42 U.S.C. § 2000e–5(f)(3) and *Washington v. Gen. Elec. Corp.*, 686 F. Supp. 361, 363 (D.D.C. 1988)).  When assessing venue under Title VII, courts engage in a "'commonsense appraisal' of events having operative significance."  *Darby*, 231 F. Supp. 2d at 277 (quoting *Lamont*, 590 F.2d at 1134).  In this case, that common sense appraisal leads to the inescapable conclusion that venue is improper in this District.

Under the first basis for venue—the location where the unlawful employment practice is alleged to have been committed—"a court 'must look to the place where the decisions and actions concerning the employment practices occurred,'" *Walden v. Locke*, 629 F. Supp. 2d 11, 14 (D.D.C. 2009) (citation omitted), and venue will be deemed to lie "where a 'substantial part' of the

7

decisions or actions related to the practice occurred." *Kendrick v. Potter*, Civ. A. No. 06-122, 2007 WL 2071670, at *2 (D.D.C. July 16, 2007).  Here, the Complaint makes evident that all, and certainly a "substantial part," of the alleged actions and decisions at issue in this case occurred in or around Quantico, Virginia, where Plaintiff worked at all times relevant to her Complaint.

Plaintiff was a Management and Program Analyst "assigned to the National Academy Unit in the Training Division in Quantico, Virginia" from September 2014 to March 13, 2020. Compl. ¶ 11.  Plaintiff alleges that she was sexually assaulted by a former FBI Supervisory Special Agent at a "after-hours farewell party" for a National Academy colleague. *Id*. ¶ 13.  Plaintiff reported the incident to her supervisor, Jeffrey McCormick, a Unit Chief at the Academy, and filed a police report with the Prince William County Police Department. *Id*. ¶¶ 17-18.  Subsequent to this incident, Plaintiff alleges being told to "move to another office" (*id.* ¶ 19); told "not to go to certain parts of Quantico" where her alleged assailant may be (*id.*); placed on a "temporary assignment" (*id.* ¶ 20); "told that her GS-13 promotion would need to be resubmitted" (*id.* ¶ 21); referred to an Employee Assistance Program counselor (*id.* ¶¶ 23-24); forced to work alongside "those who tried to protect" her alleged assailant (*id.* ¶ 30); subjected to "increased professional and personal scrutiny from [Training Division] management" (*id.* ¶ 35); and "constructively discharged" from the FBI (*id.* ¶ 38).  At the heart of each allegation are the actions and decisions allegedly taken by management in Quantico, Virginia.

Because a "substantial part" of the employment decisions occurred in Eastern District of Virginia, the first prong of the venue statute does not authorize suit in this District.  "Venue cannot lie in the District of Columbia when 'a substantial part, if not all, of the employment practices challenged in this action' took place outside the District even when actions taken in the District 'may have had an impact on the plaintiff's situation.'" *James v. Booz–Allen*, 227 F. Supp. 2d 16,

20 (D.D.C. 2002) (citation omitted); *Donnell v. Nat'l Guard Bureau*, 568 F. Supp. 93, 94 (D.D.C.1983) ("It seems clear that a substantial part, if not all, of the employment practices challenged in this action were committed in Virginia at the National Guard Bureau office where plaintiff is employed. While the decisions of individuals at the Equal Employment Opportunity branch and the Civilian Personnel Directorate of the AMDW may have had an impact on plaintiff's situation, the focus of his complaint is the National Guard Bureau.").

The second basis for venue is the "judicial district in which the employment records relevant to such practices are maintained and administered." 42 U.S.C. § 2000e–5(f)(3). "Declarations of human resource officers and employers are sufficient to establish where the employment records are maintained and administered." *Kendrick*, 2007 WL 2071670, at *3 (citing cases). Here, the electronic records for Plaintiff's previous employment were "administered by [the Administrative Services Unit] at [the Training Division's] physical location in Quantico, Virginia." *See* Declaration of Janeen DiGuiseppi. Defendant's declaration regarding the location of Plaintiff's records "defeat[s]" Plaintiff's contrary, but factually unsupported, assertion that the relevant employment records were "maintained by the FBI in this judicial district." Compl. ¶ 3; *Kendrick*, 2007 WL 2071670, at *3 (citations omitted).

And venue does not lie in the District of Columbia under the third prong of the venue statute because Plaintiff "makes no allegations that she would have worked in this district but for the alleged unlawful employment practices." *Walden*, 629 F. Supp. 2d at 14 (transferring to EDVA); *see also Hamilton v. TSA*, 263 F. Supp. 3d 317, 320 (D.D.C. 2016) (same).

When an action is filed in the wrong district, as it is here, the district court "may either dismiss, 'or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Pendleton*, 552 F. Supp. 2d at 17 (quoting 28 U.S.C. § 1406(a)).

9

Thus, this Court should either dismiss this case or transfer it to the United States District Court for the Eastern District of Virginia. To reach any other conclusion effectively would mean that all employment discrimination suits against the government could be brought in the District of Columbia merely because the offices of most government agencies are here. As the statutory language makes plain, that is not what Congress intended. *See* 42 U.S.C. § 2000e-5(f)(3); *Stebbins*, 413 F.2d at 1102.

**II.   Even if Venue Were Proper in The District of Columbia, the Court Should Transfer for the Convenience of the Parties And Witnesses and In The Interest of Justice**

Under 28 U.S.C. § 1404, a court may transfer a civil action to any district where the case might have been brought for the convenience of parties and witnesses and in the interest of justice. *See* 28 U.S.C. § 1404(a). As noted above, this case could have been brought in the Eastern District of Virginia because the employment decisions and actions that Plaintiff challenges allegedly occurred there. Transferring this case to that District is appropriate because "the majority of the acts giving rise to the claims occurred outside of th[is] District." *Blackhawk Consulting, LLC v. Fed. Nat'l Mortgage Ass'n*, 975 F. Supp. 2d 57, 61 (D.D.C. 2013). Section 1404(a) "vests 'discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and fairness.'" *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 50 (D.D.C. 2000) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988)). To determine whether transfer under Section 1404(a) is appropriate, courts consider the private interest of the parties and public interest of the courts. *See Air Line Pilots Ass'n v. E. Air Lines*, 672 F. Supp. 525, 526 (D.D.C. 1987) (collecting cases). In this case, both the private and public interest factors strongly counsel in favor of transfer to the Eastern District of Virginia.

### A.     The Private Interest Factors Favor Transfer

"[T]he Court considers the following private interest factors: (1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties, (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof." *Bourdon v. U.S. Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 305 (D.D.C. 2017).

The private interest factors suggest that this case should be transferred to the Eastern District of Virginia. Although a court might typically accord some deference to Plaintiff's choice of forum, the District of Columbia, it "will give a plaintiff's choice of forum substantially less deference when plaintiff chooses a forum that is not its home forum." *Niagara Pres., Coal., Inc. v. FERC*, 956 F. Supp. 2d 99, 104 (D.D.C. 2013); *see also Daniels*, 2018 WL 2324085, at *7 ("Mr. Daniels's choice of forum is given little deference because he does not reside in the District of Columbia and because the District has little factual nexus to his case."). Thus, while Plaintiff is permitted a preference for a home court, that is not what she has chosen here. *See* Compl. ¶ 7 (Plaintiff is "a resident of the State of Colorado"). Accordingly, this Court need not assign much, if any, weight to Plaintiff's initial selection of the District of Columbia.

By contrast, Defendant's choice of forum is the judicial district in which the "material events that constitute the factual predicate for the plaintiff[']s claims occurred." *Niagara Pres., Coal., Inc.*, 956 F. Supp. 2d at 104. Indeed, as previously noted, Plaintiff worked in the Eastern District of Virginia at all times relevant to the Complaint, and the employment actions for which she complains were principally made by Training Division management in that District. And as a result, the vast majority of the relevant witnesses and evidence are likely to be found there. Thus,

11

the private interest factors strongly favor transfer to that District. *See Hunter v. Johanns*, 517 F. Supp. 2d 340, 344 (D.D.C. 2007) (transferring case to District of Maryland because "[w]hile venue is proper in the District . . . [a]ll of the operative events surrounding the discrimination and creation of the hostile work environment . . . occurred at the FSA office in Maryland[,]" "[t]he bulk of relevant witnesses identified by the parties are located in Maryland[,]" and "copies of all correspondence and performance . . . concerning Plaintiff are kept in [supervisor]'s Maryland office").

### B. The Public Interest Factors Favor Transfer

There are three public interest factors that the Court must also consider: "(1) the transferee's familiarity with the governing laws and the pendency of related actions in the transferee's forum; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home." *Bourdon*, 235 F. Supp. 3d at 308 (quotation marks omitted). The first factor is effectively neutral, as all federal courts are competent to resolve issues of federal law.[2] But the other two factors weigh in favor of transfer.

While "congestion alone is not sufficient reason for transfer, relative docket congestion and potential speed of resolution is an appropriate factor to be considered." *Starnes v. McGuire*, 512 F.2d 918, 932 (D.C. Cir. 1974). It is worth noting at the outset that, because this case has "not evolved past the earliest stages of litigation, the proposed transfer would not unduly delay the case's progress." *Johnson v. Lumenos, Inc.*, 471 F. Supp. 2d 74, 77 (D.D.C. 2007). Furthermore,

---

[2] All federal courts are competent to resolve issues of federal law. *Vasser v. McDonald*, 72 F. Supp. 3d 269, 283 (D.D.C. 2014). "Since this is an issue of federal law, the first factor is effectively neutral; all federal courts should have the requisite familiarity with federal law." *M & N Plastics, Inc. v. Sebelius*, 997 F. Supp. 2d 19, 25 (D.D.C. 2013) (citing *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1175 (D.C. Cir. 1987)).

the latest available judicial caseload statistics, as of September 30,2020, indicate this District is, at least by some measures, more congested than the Eastern District of Virginia.  The District of Columbia federal court has a higher overall pending caseload (5,599 to 3,843).[3]  The Eastern District of Virginia moves much more swiftly to trial than this District, with a median time from filing to trial of only 11.5 months.[4]

In addition, "[t]here is a local interest in having localized controversies decided at home." *Gross v. Owen*, 221 F.2d 94, 95 (D.C. Cir. 1955).  In the employment context, courts have "a compelling interest in deciding disputes that involve management and supervisors working within its jurisdiction."  *Vasser*, 72 F. Supp. 3d at 283.  Because the thrust of Plaintiff's Complaint concerns the actions taken by Plaintiff's supervisors and management at the Training Division in Quantico, Virginia, "the parties and material events that make up the claims' factual predicate are more connected" to the Eastern District of Virginia, and in turn that forum has a stronger local interest in this case than the District of Columbia.  *Milanes v. Holder*, 264 F.R.D. 1, 6 (D.D.C. 2009) (quoting *Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 34 (D.D.C. 2008)); *see also Liban v. Churchey Group II, LLC*, 305 F. Supp. 2d 136, 143 (D.D.C. 2004) (transferring a case to the district in which the majority of the alleged discriminatory events occurred).

Therefore, even if venue were proper in this District—though it is not—the Court should transfer the entire case to the Eastern District of Virginia.

---

[3] U.S. District Courts – Combined Civil and Criminal Federal Court Management Statistics (Sept. 30, 2020), *available at* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2020.pdf.

[4] The median time from filing to trial was not reported for September 30, 2020, for the District of Columbia.  But as of June 30, 2020, it was 40 months.  *See* U.S. District Courts – Combined Civil and Criminal Federal Court Management Statistics (June 30, 2020), *available at* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2020.pdf.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the Complaint or, in the alternative, transfer this matter to the United States District Court for the Eastern District of Virginia.

In the event that the Court transfers venue rather than dismisses, Defendant moves that his answer be due 21 days from docketing in the Eastern District of Virginia. In the event the Court denies the motion in its entirety, Defendant moves that his answer be due 21 days from the denial of the motion.

Dated: April 9, 2021                    Respectfully submitted,

                                        CHANNING D. PHILLIPS, D.C. Bar #415793
                                        Acting United States Attorney

                                        BRIAN P. HUDAK
                                        Acting Chief, Civil Division

                            By:         /s/ Sean M. Tepe
                                        SEAN M. TEPE, DC Bar #1001323
                                        Assistant United States Attorney
                                        555 Fourth St., N.W.
                                        Washington, D.C. 20530
                                        Phone: (202) 252-2533
                                        Email: sean.tepe@usdoj.gov